**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

BAY PARK TOWERS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiffs,

vs.                                          CIVIL ACTION: 1:19-cv-22974-KMW-EGT

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES
AND/OR MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW, Plaintiff, BAY PARK TOWERS CONDOMINIUM ASSOCIATION, INC., through the undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 12, files this Motion to Strike Defendant's Affirmative Defenses and/or More Definite Statement, and as grounds therefor would state as follows:

**I.    BACKGROUND**

1. On or around August 19, 2020, the Plaintiff filed its First Amended Complaint, seeking to be made whole again following damages sustained by Hurricane Irma on September 10, 2017 – the complaint consisted of one Count I for breach of contract, and Count II for confirming appraisal award [DE 32].

2. On or around September 1, 2020, the Defendant filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and alleges seven affirmative defenses that are vague, ambiguous, redundant, immaterial, impertinent, scandalous, and as presented are insufficient defenses [DE 35].

## II.     MEMORANDUM OF LAW

Rule 12, Fed. R. Civ. Pro., states the following in relevant part:

> (e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.
>
> (f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> > (1) on its own; or
> >
> > (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Pursuant to Rule 8(c), a party must affirmatively state any avoidance or affirmative defense, including: 1) accord and satisfaction; 2) arbitration and award; 3) assumption of risk; 4) contributory negligence; 5) duress; 6) estoppel; 7) failure of consideration; 8) fraud; 9) illegality; 10) injury by fellow servant; 11) laches; 12) license; 13) payment; 14) release; 15) res judicata; 16) statutes of frauds; statutes of limitations; and 17) waiver.

For motions for more definite statement, Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for a more definite statement when that party is required to file a response to a pleading, but the pleading is so vague or ambiguous that a response cannot reasonably be expected to be framed. *See Moya v. Schollenbarger*, 465 F.3d 444, 446 n.2 (10th Cir. 2006)("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."). A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, rather than to correct inaccurate assertions, add precision, or flesh out a lack of

detail. *See Serna v. Webster*, No. CIV 17-0020 JB/WPL, 2017 WL 4386359, at *42 (D.N.M. Sept. 30, 2017) (Browning, J.) (granting a motion for a more definite statement where the "[c]omplaint, as drafted, [was] incomprehensible as to" a defendant); *Crespin v. City of Espanola*, No. CIV 11-0913 JB/KBM, 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012) (Browning, J.) (granting motion for a more definite statement when the plaintiff did "not give sufficient notice of the legal claims he [was] attempting to bring); *Coffey v. McKinley Cnty*., No. CIV 09-0028, 2009 WL 3208209, at *2 (D.N.M. Sept. 11, 2009) (Browning, J.)(denying a motion for a more definite statement where the Court and parties clarified the legal basis for a claim during the motion hearing); *Bannister v. Coronado Fin., Inc.*, No. CIV 07-620, 2008 WL 2323518, at *10 (D.N.M. Jan. 17, 2008)(Browning, J.)(denying motion for a more definite statement where defendant did not identify "anything specific that she [could not] discern from the Complaint" and ordering the pro se plaintiff to amend the Complaint would help neither the defendant nor the Court); *Frazier v. Se. Penn. Transp. Auth.*, 868 F.Supp. 757, 763 (E.D. Pa. 1994)(Joyner, J.)(denying motion for a more definite statement where complaint "affords [the defendant] with notice as to the nature and basis of [the plaintiff's] claims). The Supreme Court of the United States of America has held that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

As to Motions to Strike, Rule 8(c) dictates that parties must set forth affirmative defenses in a responsive pleading. "It has been generally recognized that a motion to strike under Rule 12(f) is the proper remedy to eliminate 'redundant', 'immaterial', 'impertinent', or 'scandalous' matter from the pleadings and is the principal procedure for objecting an "insufficient"

affirmative defense. *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116 (D.P.R. May 19, 1972).  Courts should strike affirmative defenses that are clearly mistitled or redundant, for example if they raise matters already raised in the defendant's denial. *See Household Fin. Serv., Inc. v. Northeastern Mortgage Inv. Corp.,* No. 00 C 0667, 2000 WL 816795, at *1 (N.D.Ill. June 22, 2000) (citing *Heller,* 883 F.2d at 1295); *Sanwa Bus. Credit Corp. v. Harris,* No. 91 C 0204, 1991 WL 156116, at *1 (N.D.Ill. Aug.6, 1991).

## Defendant's First Affirmative Defense

1. Defendant's First Affirmative Defense states:

For its First Affirmative Defense, Lexington states that Plaintiff's claims are subject to the applicable deductibles contained within the subject policy.

2. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

3. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

## Defendant's Second Affirmative Defense

4. Defendant's Second Affirmative Defense states:

For its Second Affirmative Defense, Lexington states that the claimed damages are excluded from coverage under the terms of the applicable policy, because coverage is void for concealment, misrepresentation and/or fraud.  The policy reads:

**A. CONCEALMENT, MIREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time.  It is also void if you or any other insured, at any time, intentionally conceals or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this Coverage Part.

(Policy, CP 00 90 07 88, p. 1 of 2)

To the extent Plaintiff failed to comply with the above-quoted Policy provision, no coverage will be available under the Policy for Plaintiff's subject claim.

5. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

6. Defendant has failed to plead the elements or concealment, misrepresentation, and/or fraud and how the Plaintiff's actions or inactions relate to same.

7. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

### Defendant's Third Affirmative Defense

8. Defendant's Third Affirmative Defense states:

For its Third Affirmative Defense, Lexington states that that Plaintiff's claimed damages, in whole or in part, are not covered under the terms of the Policy. The Subject Policy's Coverage Form states, in relevant part, as follows:

**A. Coverage**

We will pay for direct physical loss of or damage to covered property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in the Coverage Part, means the type of property described in this section, A.1., an limited in A.2. Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

\* \* \*

**2. Property Not Covered**

Covered Property does not include:

\* \* \*

d. Bridges, roadways, walks, patios or other paved surfaces;

\* \* \*

j. Bulkheads, pilings, piers, wharves or docks;

\* \* \*

    l. Retaining walls that are not part of a building;

    * * *

    q. The following property while outside of buildings:

    **(1)** Grain, hay straw or other crops; or

    **(2)** Fences, radio or television antennas (including satellite dishes) and their lead-in wiring, masts or towers, trees, shrubs or plans (other than trees, shrubs or plants which are "stock" or are part of a vegetated roof), all expect as provided in the Coverage Extensions.

    (Policy, CP 00 17 10 12, pp. 1-3 of 15).

9. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

10. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

### Defendant's Fourth Affirmative Defense

11. Defendant's Fourth Affirmative Defense states:

For its Fourth Affirmative Defense, Lexington states that Plaintiff's claim is precluded or subject to reduction under the Increased Cost of Construction Provision of the Policy. The Policy, states, in pertinent part:

    **e. Increase Cost Of Construction**

    **(1)** This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

    **(2)** In the event of damage by a Covered Cause of Loss to a building that is Covered Property, we will pay the increased costs incurred to comply with the minimum standards of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property, subject to the limitations stated in e.(3) through e.(9) of this Additional Coverage.

    **(3)** The ordinance or law referred to in e.(2) of this Additional Coverage is an ordinance or law that regulates the construction or repair of buildings or establishes zoning or land use requirements at the described premises and is in force at the time of loss.

    * * *

**(6)** The Most we will pay under this Additional Coverage, for each described building insured under this Coverage Form, is $10,000 or 5% of the Limit of Insurance applicable to that building, whichever is less. If a damaged building is covered under a blanket Limit of Insurance which applies to more than one building or item of property, then the most we will pay under this Additional Coverage, for that damaged building, is the lesser of $10,000 or 5% times the value of the damaged building as of the time of loss times the applicable Coinsurance percentage.

The amount payable under this Additional Coverage is additional insurance.

**(7)** With respect to this Additional Coverage:

**(a)** We will not pay for the Increase Cost of Construction:

**(i)** Until the property is actually repaired or replaced, at the same or another premises; and

**(ii)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage, not to exceed two years. We may extend this period in writing during the two years.

(Policy, CP 00 17 10 12, p. 5 of 15).

To the extent Plaintiffs establish entitlement to covered damages under the Policy, if any, any payment for covered damages is subject to the Policy's Increased Cost of Construction Provision.

12. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

13. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

## Defendant's Fifth Affirmative Defense

14. Defendant's Fourth Affirmative Defense states:

For its Fifth Affirmative Defense, Lexington states that Plaintiff's claim is precluded or subject to reduction under the Ordinance or Law Exclusion of the Policy. The Policy, states, in pertinent part:

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**a. Ordinance Or Law**

The enforcement of or compliance with any ordinance or law:

**(1)** Regulating the construction, use or repair of any property; or

**(2)** Requiring the tearing down of any property, including the cost of removing its debris.

This exclusion, Ordinance Or Law, applies whether the loss results from:

**(a)** An ordinance or law that is enforced even if the property has not been damaged; or

**(b)** The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

15. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

16. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

## Defendant's Seventh Affirmative Defense

17. Defendant's Seventh Affirmative Defense states:

For its Seventh Affirmative Defense, Lexington states that to the extent Plaintiff has suffered any damage, which Defendant denies, Defendant is entitled to a setoff for all sums paid in connection with the claims asserted in Plaintiff's Complaint.

18. Defendant has failed to plead a valid affirmative defense and fails to raise any new issue which could defeat Plaintiff's otherwise valid claim.

19. Plaintiff moves to strike Defendant's First Affirmative Defense which is an insufficient defense and is redundant, immaterial, impertinent, and is a scandalous matter.

**WHEREFORE**, the Plaintiff, BAY PARK TOWERS CONDOMINIUM ASSOCIATION, INC., respectfully requests that this Court strike Defendant's first, second, third, fourth, fifth, and seventh affirmative defenses for the reasons stated above or, in the alternative, order Defendant to provide more definite statements to these affirmative defenses as they are all so vague and/or ambiguous that Plaintiff cannot reasonably prepare a response.

Dated: September 21, 2020.

                                                **MERLIN LAW GROUP, P.A.**

                                                /s/ Javier Delgado
                                                JAVIER DELGADO, ESQ.
                                                Florida Bar Number: 560146
                                                222 Lakeview Ave., Suite 1250
                                                West Palm Beach, FL 33401
                                                Telephone: (561) 855-2120
                                                Fax: (561) 249-1283
                                                Attorney for Plaintiff
                                                jdelgado@merlinlawgroup.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 21, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to:

Scott Dornstein, Esquire
Clausen Miller, P.C.
4830 West Kennedy Blvd.,#600
Tampa, FL 33609
sdornstein@clausen.com
Telephone: (312) 606-7782
Attorney for Defendant

                                                /s/ Javier Delgado
                                                JAVIER DELGADO, ESQ.